Sidney Souza
vs. } No. 67306.
United Electric Railways Co.

April 10, 1933.

CAPOTOSTO, J. In an action for negligence, the jury returned a verdict for the plaintiff in the sum of $13,000. The defendant moves for a new trial on the usual grounds.

The facts are well known. The law applicable to the case has been clearly defined in the review of previous trials for the guidance of both trial court and jury. Mindful of the eventful history of this particular litigation, the Court exercised the utmost care to keep the record as free from error as possible. The future alone will tell if it succeeded in fact.

Aside from variations due to recollection or phrasing, as evidenced by the transcripts of previous trials, the only new feature that this hearing presents is a possible explanation of the testimony of Mary E. Bennett. The evidence of this witness for the plaintiff is the basis for the dissenting opinion in the most recent review of the case by the Supreme Court. Mary E. Bennett, now Mrs. Chapman, testified as she did in the last trial. In the present case, the defendant brought out through Frederic N. Gibbs, the plaintiff's striker, that after the wagon was unloaded they threw the coal chute and probably two shovels in the wagon. Then they drove down Abby street, at that time a regular cart road with ruts and stones. The wagon had a wooden body. The material or construction of the chute is not in evidence. Gibbs further testified that the shovels were "liable to slide around * * * to slide all over the wagon".

The defendant argues that what Mrs. Chapman heard was the noise made by these implements striking against each other as the wagon came down Abby street, and that it furnishes a positive explanation of Mrs. Chapman's statement that she heard a

rumbling as "if wheels were going across iron bars * * * sounded like a heavy wagon going across the tracks". The plaintiff contends that this is insufficient to destroy the force of Mrs. Chapman's testimony, especially in view of the fact that the body of the wagon was of wood, and, further, because there is no evidence of the material or construction of the chute.

In view of this possible explanation, the defendant asks this Court to disregard the testimony of Mrs. Chapman which has received authoritative recognition by distinguished jurists. This Court intends to discharge its duty. At the same time it is going to proceed with caution and respectful reserve. The point at issue is open to different interpretations. It is essentially a question of fact, which may be diversely construed by equally conscientious men. The Court, therefore, feels that it should not disregard the jury's view of this phase of the testimony, even though a different conclusion is possible.

The case presents a sequence of events which have been construed and reconstrued to different conclusions by both trial and appellate courts. The jury, except when it failed to agree, found for the plaintiff in every instance. The verdict in the present case may not be the result that every jury, much less every court, would reach. Yet it is a verdict that reasonable men may return.

Motion for new trial denied.

For plaintiff: Francis E. Sullivan.

For defendant: Clifford Whipple, Earl Sweeney.